

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 30, 2006

HAND
By ~~Fax and US Mail~~
Carlos Vanegas, Esq.
Lara Quint, Esq.
Federal Public Defender for the District of Columbia
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

       Re: <u>United States v. Attly Hans</u>, 06-139 (JR)

Dear Mr. Vanegas and Ms. Quint:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Attly Hans. The offer expires on and must entered in court on or before **Friday, July 14, 2006**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges**. Your client agrees to admit guilt and enter a plea of guilty to Count One of the Indictment in this case in which your client is charged with Hostage Taking, in violation of Title 18, United States Code, Section 1203.

                                 1             Initials:____/____

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The attached "Statement of the Offenses," Attachment A hereto, is a fair and accurate description of the evidence the government believes it can prove regarding your client's actions. Your client accepts the factual proffer and accepts responsibility for the conduct described in the Statement of the Offenses. Prior to the Rule 11 plea hearing, your client will adopt and sign the Statement of the Offenses as a written proffer of evidence by the United States.

2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to Title 18, United States Code, Section 1203, Hostage Taking, the charge carries a maximum penalty of life in prison, a fine of $250,000, and a maximum term of supervised release of five years. The parties will leave for the Court to determine whether your client has the present ability to pay any fine. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the Court, U.S. District Courthouse, prior to the date of sentencing. Your client further understands that, pursuant to Section 5E1.2 of the United States Sentencing Guidelines ("Sentencing Guidelines"), the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment.

3. **Detention pending sentencing**. Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your

2                                Initials:____/____

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing Guidelines**. Your client understands that the United States Sentencing Guidelines are advisory to the Court in determining the appropriate sentence. Your client agrees and understands that even though the Sentencing Guidelines are not binding upon the Court, the Court nevertheless should consult the Sentencing Guidelines in determining an appropriate sentence. Accordingly, the parties agree and understand that the defendant's sentence would be guided by the Sentencing Guidelines as described in the attached **Attachment B** hereto.

Your client agrees that the United States can demonstrate by a preponderance of the evidence facts sufficient to establish that your client's offense levels are as outlined in Attachment B hereto. Under the calculations outlined in Attachment B hereto, your client's total adjusted offense level is 40. Upon entering a plea of guilty, he will receive a downward adjustment of 3 levels for acceptance of responsibility, thus bringing his adjusted offense level down to 37. Assuming a criminal history category of I[1] the resulting Guidelines range is 210-262 months.

The government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The government further agrees that it will not seek an upward departure from the otherwise applicable range established by the Sentencing

---

[1] The government does not yet have any information on your client's criminal history, which may ultimately affect your client's Guidelines range.

3                           Initials:____/____

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

Guidelines. Your client agrees that, aside from the potential for a departure for providing substantial assistance to the government, as discussed below, he will not seek a downward departure or any decreases from the otherwise applicable range established by the Sentencing Guidelines.

Your client fully and completely understands that the final determination of how the United States Sentencing Guidelines apply to this case will be made solely by the Court and that the above calculations or recommendations are not binding upon the Court or the United States Probation Office. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the United States in this agreement. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

6. **Cooperation with the United States**. Your client agrees to cooperate fully, completely, and truthfully with all

4                                    Initials:____/____

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

investigators and attorneys of the United States, by truthfully providing all information in your client's possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation and of which he has knowledge, or relating to other matters deemed relevant by the United States. Such matters include, but are not limited to, the activities of his coconspirators in the abduction and hostage taking of an American woman in Haiti during May 10-15, 2006.

(a) Your client shall cooperate pursuant to this agreement whenever, and in whatever form, the United States Attorney's Office shall reasonably request. This includes, but is not limited to, submitting to interviews; answering interrogatories; giving sworn written statements; providing documents and any other evidence in your client's possession; giving testimony; giving depositions; taking government administered polygraph examination(s); and participating in covert law enforcement activities.

(b) Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

(c) Your client shall testify fully and truthfully before any Grand Jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the United States.

(d) Your client shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

contraband and proceeds of crime; and all assets traceable to such proceeds of crime.

(e) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(f) Your client agrees not to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities pursuant to this agreement or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all of its obligations under this agreement. However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty. Your client further understands that, to establish a breach of this agreement, the government need only prove your client's commission of a criminal offense by probable cause.

7. **Substantial assistance.**   Following the completion of your client's cooperation, we will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the nature and extent of your client's cooperation, or lack thereof. If the Departure Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, or lack thereof, determines that your client has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then the United States will file a motion pursuant to 18 U.S.C. § 3553(e), and/or United States Sentencing Guidelines section 5K1.1 to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than provided for by any applicable mandatory minimum statutory sentence provision, or by the sentencing guidelines.

Your client understands that the determination of whether your client has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia and is not subject to review by the Court. Nor shall the failure of this Office to file a "substantial assistance"

6                              Initials:____/____

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

departure motion be grounds for your client to move to withdraw the plea of guilty in this case. Your client also understands that the issue of his deportation is solely within the discretion of the Department of Homeland Security.

Your client understands further that ultimately the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to grant a downward departure based on your client's substantial assistance to the United States, notwithstanding the filing by the United States of any motion for departure from either the statutory minimum sentence or the applicable guidelines range. Your client also understands that neither the United States District Court for the District of Columbia nor any of its judges are a party to this agreement.

8. **Interpreter**. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

9. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

(a) Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

(b) Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

(c) Any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

(d) Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

(e) Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses.

Initials:____/____

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

    10. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to: the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

    11. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

    If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement and of the attachments, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

                                          Sincerely,

                                          */s/ Kenneth L. Wainstein*
                                          KENNETH L. WAINSTEIN
                                          United States Attorney

June 30, 2006
Mr. Carlos Vanegas
Ms. Lara Quint

*(signature)*
JEANNE M. HAUCH
Assistant United States Attorney
National Security Section
D.C. Bar #426585
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-5776

*(signature)*
THOMAS P. SWANTON
Trial Attorney
D.C. Bar No 462144
Counterterrorism Section,
  Criminal Division
U.S. Department of Justice
10th & Constitution Ave., NW
Washington, D.C. 20530
(202) 514-0849

    I have had read to me this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

7/26/06
Date

*(signature)*
Attly Hans, Defendant

    I am defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

7/26/06
Date

*(signature)*
Carlos Vanegas, Esq. OR
Lara Quint, Esq.
Counsel for Defendant